**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PROVA GROUP, INC.<br><br>       Plaintiff,<br><br>  v.<br><br>THE ROSCOE COMPANY<br><br>       Defendant. | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Prova Group Inc. ("Prova" or "Plaintiff")—for its Complaint against Defendants The Roscoe Company ("Roscoe" or "Defendant")—alleges the following:

### **NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### **THE PARTIES**

2. Prova is a corporation organized under the laws of the State of Texas with an address at 14902 Preston Road, Suite 404-1042, Dallas, TX 75254.

3. Upon information and belief, Defendant Roscoe is a corporation organized and existing under the laws of the State of Illinois, and can be served through its Illinois registered agent Incorp Services, Inc., 919 North Market Street, Suite 950 Wilmington, DE 19801. Upon information and belief, Roscoe sells and offers to sell rental and laundering services throughout the Chicago, Illinois greater metropolitan area, including in this judicial district, and introduces products and services that into the stream of commerce that incorporate infringing technology knowing that they would be used and sold in, at least, in this judicial district.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). On information and belief, Roscoe has a regular and established places of business in this District, for example, at 3535 W. Harrison St. Chicago, Illinois 60624, and their acts of infringement have taken place and are continuing to take place in this District.

7. Roscoe is subject to this Court's general and specific personal jurisdiction because it resides, is incorporated, and maintains minimum contacts within the State of Illinois and this District. Roscoe has purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, and regularly conducts and solicits business within this District. Plaintiff's causes of action arise directly from each Defendant's business activities in this District.

## BACKGROUND

8. This lawsuit initially asserts infringement of United States patents, Nos. 8,234, 185 (the "'185 Patent"), 7,840,453 (the "'453 Patent"), 8,370,225 (the "'225 Patent") (collectively, the "Patents in Suit").

9. Plaintiff Prova is the assignee and owner of all right, title and interest in and to each of the Patents in Suit. Prova's ownership interest includes but is not limited to the right to assert all causes of action and obtain any remedies for infringement of the Patents in Suit.

10. The Patents in Suit claim priority to U.S. Patent Application No. 10/038,292, which was filed on January 4, 2002.

11. Prova was founded in 2002 in pursuit of its vision to develop and sell inventory authentication and control solutions for a variety of industries and applications.

12. Prova was an early innovator of item authentication and tracking systems. Recognizing the broad potential of Radio Frequency Identification (RFID) devices, which had yet to be widely adopted at the time, Prova identified the need and specific challenges related to authenticating tracked items through chains of custody, once ownership of items is established.

13. Prior to the invention of Prova's patented technology, inventory tracking systems were known to track the "state" of an item. That is, for example, whether an item was "in stock", sold, deliverable into inventory, returned, or other state involving the current status of the item.

14. Separately, systems existed that associated users with an item for limited purposes, such as when an item—a vehicle for example—was subject to a warranty for a particular purchaser.

15. However, no system then existed for maintaining both ownership and state information, such as would be useful when items traveled through one or more chains of custody while also changing "states".

16. Prova's patented system utilizes a method and system of tracking items through one or more chains of custody by use of authentication devices affixed to unique items, and by associating and verifying both ownership and item state information as the item travels across the chain or chains. Using this method, the system authenticates the specific item in question through description and identification information, information about the past and present state of the item, the current custodian or "owner", and subsequent custodians through a chain of custody. The technology is first to provide a comprehensive system that encompasses tracking and authentication of state, ownership, and identification of items through a series of both state and custodial changes, and in addition, provides that information on-demand to individuals within the chains of custody.

17. The inventors of the Prova Patents contemplated an initial embodiment of their inventions for use

in the field of sports equipment and memorabilia, which often involves items that move through multiple chains of custody. This initial embodiment was implemented for the St. Louis Rams, and was used to control inventory that was used by players (such as jerseys and helmets) by checking that inventory out to individual players, by checking the inventory back in after the game and by tracking state variables associated with the inventory, such as whether the player scored any points during the game, which is a first chain of custody. Those items could subsequently be sold, and the succession of owners is a second chain of custody. These chains can include changes in absolute title to the item (such as if the team or player sold a jersey), or in temporary changes of custodial ownership of the item for specific purposes unrelated to title (such as checking the equipment out to the player for use during a game). In either case, tracking both the custodial ownership and state of the item is crucial to maintaining the integrity of the item, its association with certain "events" that impact the state of the item, and/or preventing loss.

18. The Prova patented systems also contemplates a "personal tracking portal", which allows individualized tracking of items through chains of custody when control of the items have been temporarily relinquished. This allows the user to track, in real time, both the state and custodial ownership of the item as it moves through a chain outside the user's custody. The system further provides for alerts when, for example, the item encounters an unanticipated change in state or custodial ownership.

19. At the time of their filing, and in view of a person of ordinary skill at that time, Prova Patents disclosed an unconventional and non-routine advancement in technology relating to authentication technology. The patented systems relate specifically to an improvement of systems involving physical tracking identifiers affixed to unique items, as those items change both state and ownership over a chain of custody. Previous systems failed to transform items identified by physical identification devices into authenticated items throughout both state and

Page 4 of 18

ownership chains.

20. On information and belief, Defendant Roscoe is currently employing an authentication and tracking system, referenced in part as an "auto-sorting" and garment/item tracking system (the "Roscoe Tracking System"), that infringes on the Patents in Suit.

21. On further information and belief, this system has been in continuous operation since at least February 2018.

22. On further information and belief, Roscoe employs the technology claimed by the Prova Patents to track and authenticate items, such as and without limitation, professional uniforms containing authentication devices affixed by Roscoe. Roscoe's infringing system tracks items through multiple states and chains of custody.

23. On further information and belief, Roscoe employs the technology claimed by the Prova Patents by using, selling, and/or offering to sell an application-based portal as part of the Roscoe Tracking System that allows the real-time tracking of state and ownership information for individual items as they move through chains of custody

24. Roscoe was aware of the Prova Patents at least as of July 10, 2019 when Roscoe's President, James Buik, received a letter sent by Prova, which identified the Roscoe Tracking System as covered by the Prova Patents, and requested that Roscoe begin negotiation over a license for its use of the technology.

25. Upon information and belief, Roscoe did not, and has not, ceased the used of its infringing system since receiving Prova's letter.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,234,185**

26. The allegations set forth in the paragraphs 1 through 24 above are fully incorporated into this First Count for Relief.

27. Upon information and belief, Roscoe has and continues to directly and willfully infringe,

including through the doctrine of equivalents, at least claims 9-12 of the '185 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the Roscoe Tracking System (the "'185 Accused Instrumentalities"). An exemplary comparison of the Roscoe Tracking System with claims 9 & 10 the '185 Patent is attached as Exhibit A.

28. On information and belief, these '185 Accused Instrumentalities are marketed to, provided to, and/or used by or for Roscoe's partners, clients, customers in this District.

29. As stated above, Roscoe was made aware of the '185 Patent and its infringement thereof at least as early as July 10, 2019.

30. Upon information and belief, since at least July 10, 2019, Roscoe is liable as a contributory infringer of the '185 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the Roscoe Tracking System especially made or adapted for use in an infringement of the '185 patent. The '185 Accused Instrumentalities are a material component for use in practicing the '185 Patent, are specifically made in a way to enable infringement of the '185 patent, and are not a staple article of commerce suitable for substantial non-infringing use.

31. Prova has been harmed by Roscoe's infringing activities, and is entitled to relief not less than a reasonable royalty.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,840,453

32. The allegations set forth in paragraphs 1 through 30 above are incorporated into this Second Count for Relief.

33. Upon information and belief, Roscoe has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claims 1, 4-9, and 12-18 of the '453 Patent by making, using, selling, importing and/or providing and causing to be used without authority

within the United States, the Roscoe Tracking System (the "'453 Accused Instrumentalities"). An exemplary comparison of the Roscoe Tracking System with claim 1 the '453 Patent is attached as Exhibit A.

34. On information and belief, these '453 Accused Instrumentalities are marketed to, provided to, and/or used by or for Roscoe's partners, clients, customers in this District.

35. As stated above, Roscoe was made aware of the '453 Patent and its infringement thereof at least as early as July 10, 2019.

36. Upon information and belief, since at least July 10, 2019, Roscoe is liable as a contributory infringer of the '453 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the Roscoe Tracking System especially made or adapted for use in an infringement of the '453 Patent. The '453 Accused Instrumentalities are a material component for use in practicing the '453 Patent, are specifically made in a way to enable infringement of the '453 Patent, and are not a staple article of commerce suitable for substantial non-infringing use.

37. Prova has been harmed by Roscoe's infringing activities, and is entitled to relief not less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,370,225

38. The allegations set forth in the aforementioned paragraphs 1 through 36 are incorporated into this Third Count for Relief.

39. Upon information and belief, Roscoe has and continues to directly and willfully infringe, including through the doctrine of equivalents, at least claims 1, 3-9, and 12-18 of the '225 Patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, the Roscoe Tracking System (the "'225 Accused Instrumentalities"). An exemplary comparison of the Roscoe Tracking System with claim 1 the '225 Patent is attached

as Exhibit A.

40. On information and belief, these '225 Accused Instrumentalities are marketed to, provided to, and/or used by or for Roscoe's partners, clients, customers in this District.

41. As stated above, Roscoe was made aware of the '225 Patent and its infringement thereof at least as early as July 10, 2019.

42. Upon information and belief, since at least July 10, 2019, Roscoe is liable as a contributory infringer of the '225 Patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components of the Roscoe Tracking System especially made or adapted for use in an infringement of the '225 Patent. The '225 Accused Instrumentalities are a material component for use in practicing the '225 Patent, are specifically made in a way to enable infringement of the '225 Patent, and are not a staple article of commerce suitable for substantial non-infringing use.

43. Prova has been harmed by Roscoe's infringing activities, and is entitled to relief not less than a reasonable royalty.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.  An adjudication that each Defendant has infringed the '185, '453 and '225 Patents;

B.  An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendants' past infringement of the '185, '453 and '225 Patents, but in no event less than a reasonable royalty, together with interest, costs, expenses and an accounting of all infringing

acts including, but not limited to, those acts not presented at trial;

    C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

    D.    An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: October 22, 2019 **JACKSON WALKER LLP**

*/s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
IL State Bar No. 6284414
nstclair@jw.com
Matthew C. Acosta
TX State Bar No. 24062577
macosta@jw.com
Christopher Rourk
TX State Bar No. 795626
crourk@jw.com

2323 Ross Ave., Suite 600
Dallas, TX 75201
Tel: (214) 953-5948

*Attorney for Plaintiff*
*The Prova Group, Inc*.